# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY DAVID ANDERSON,

                Petitioner,

        -vs-                                                      Case No. 13-C-231

SHERIFF OF BROWN COUNTY,
CIRCUIT COURT OF BROWN COUNTY,
JUDGE KENDALL M. KELLEY,

                Respondents.

## DECISION AND ORDER

        Pursuant to 28 U.S.C. § 2254, pro se Petitioner Larry David Anderson ("Anderson") filed a petition for a writ of habeas corpus ordering the Sheriff of Brown County to remove an outstanding arrest warrant and release him if he is then in custody, and to order Brown County Judge Kendall M. Kelley to void and nullify the arrest warrant. Anderson also requests an immediate stay pending determination of the petition.

        Anderson filed a similar petition earlier this year, which being in an analogous posture, was dismissed on the ground that Anderson does not satisfy the basic requirement for seeking habeas corpus relief—he is not in custody. *See Anderson v. Gossage*, Case No. 13-C-49, Jan 22, 2013, Order (E.D. Wis) (ECF No. 3) (citing *Fernos-Lopez v. Figarella-Lopez*, 929 F.2d 20, 24 (1st Cir. 1991)(holding that being subject to an immediate arrest pursuant to an arrest warrant does not constitute "custody" for purposes of the habeas

statute.) The instant petition presents the same problem and is, therefore, subject to dismissal.

This case differs from the earlier petition because the papers that Anderson had filed seeking state habeas relief in the Wisconsin Court of Appeals and the Wisconsin Supreme Court have been dismissed. However, by its February 22, 2013, Order in *Anderson v. Circuit Court of Brown County*, No. 2013 A388-W, dismissing the papers, the Wisconsin Supreme Court advised Anderson that state habeas relief is not available if he has an adequate remedy on appeal, citing *Wolke v. Fleming*, 129 N.W.2d 841 (Wis. 1964).

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Anderson is not in custody, and he has not exhausted his state remedies. Therefore, this action is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section

-2-

Case 2:13-cv-00231-RTR    Filed 03/31/13    Page 2 of 3    Document 4

2254 Proceedings in the District Courts. Anderson's request for an immediate stay is also denied. The Court will not issue a certificate of appealability. *See* Rule 11(a), Rules Governing Section 2254 Proceedings.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**